IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TVONN TSHAWN GULLY,  )
                     )
         Petitioner, )
                     )
   v.                )   Case No. 24-3113-JWL
                     )
C. CARTER, Warden, FCI-Leavenworth, )
                     )
         Respondent. )
                     )
_____)

## **MEMORANDUM AND ORDER OF DISMISSAL**

Petitioner filed *pro se* a form petition for habeas corpus pursuant to 28 U.S.C. § 2241, and as the sole ground for his petition, he claimed that he is being deprived of his liberty in violation of the Constitution because Congress lacked compelling reasons "to proscribe marijuana as a dangerous substance." Because petitioner had been convicted of offenses involving marijuana, it appeared to the Court that petitioner was challenging the validity of his convictions and sentence. A challenge to an underlying conviction or sentence cannot be brought under Section 2241, but rather must be brought under 28 U.S.C. § 2255 in the court of conviction. *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). Accordingly, on July 9, 2024, the Court ordered petitioner to show cause why the petition should not be dismissed on that basis.

Petitioner has now filed a response to the Court's order. Referring to the instructions for the approved habeas petition form, petitioner argues that he may seek habeas relief because he is in custody because of "something other than a judgment of conviction."

Petitioner confirms, however, that by this petition he seeks to challenge the constitutionality of Congress's proscription of marijuana as a dangerous substance. Petitioner does not suggest that he is challenging the calculation or execution of his sentence; nor does petitioner explain how marijuana contributed to his being in custody other than through his convictions. Thus, in seeking release, petitioner is essentially attacking his convictions.

Petitioner cites outdated caselaw indicating that a conviction may be challenged by habeas petition. As noted above, however, under currently applicable law, such an attack may not be made in this Court (in the district in which petitioner is incarcerated) by petition under Section 2241; rather, petitioner must make such a challenge by motion under Section 2255 in this court of his convictions (the United States District Court for the Northern District of Iowa). *See id.*[1] The Court therefore **dismisses** the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas relief under 28 U.S.C. § 2241 is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 17th day of July, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1] As the Court noted in its prior order, petitioner has not argued or suggested any basis that would allow him to seek habeas relief through the exception provided in 28 U.S.C. § 2255(e).