IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TVONN TSHAWN GULLY,  )
 )
        Petitioner,  )
 )
v.  )  Case No. 24-3113-JWL
 )
C. CARTER, Warden, FCI-Leavenworth,  )
 )
        Respondent.  )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter presently comes before the Court on petitioner's motion for reconsideration of the Court's dismissal of his *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 6). For the reasons set forth below, the Court **denies** the motion.

As the sole ground for his petition, he claimed that he is being deprived of his liberty in violation of the Constitution because Congress lacked compelling reasons "to proscribe marijuana as a dangerous substance." Because petitioner appeared to be challenging his convictions that involved marijuana, the Court ordered him to show cause why his petition should not be dismissed. *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (challenge to underlying conviction cannot be brought under Section 2241, but rather must be brought under 28 U.S.C. § 2255 in the court of conviction). In his response to that order, petitioner confirmed that he sought to challenge the constitutionality of Congress's proscription of marijuana as a dangerous substance, but he did not claim to challenge the

calculation or execution of his sentence, nor did he explain how marijuana contributed to his being in custody other than through his convictions. Thus, the Court deemed his petition a challenge to his convictions, which the Court therefore dismissed. In doing so, the Court noted that petitioner had not argued or suggested any basis that would allow him to seek habeas relief through the exception provided in 28 U.S.C. § 2255(e).

Petitioner now seeks reconsideration of that dismissal. The Court considers the motion as one made pursuant to Fed. R. Civ. P. 59(e), which provides for a motion to alter or amend a judgment. *See id.* "A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *See ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 922 (10th Cir. 2024) (internal quotations omitted) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete*, 204 F.3d at 1012. In making such a motion, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *See id.*

In his motion, petitioner does not dispute that he seeks by his petition to challenge his underlying convictions. Petitioner does now appear to argue that he may seek habeas relief on that basis because his remedy under Section 2255 would be "inadequate or ineffective to test the legality of his detention," *see* 28 U.S.C. § 2255(e), because a Section 2255 motion would be time-barred. *See* 28 U.S.C. § 2255(f) (establishing a one-year limitations period). As this Court has previously explained, however, the assertion that a

Section 2255 motion would be time-barred does not present one of the "rare instances" in which habeas relief may be pursued under Section 2255(e), as the petitioner must show that the remedy itself was inadequate, not merely that he cannot use that remedy. *See Chambers v. United States*, 2022 WL 2527893, at *2 (D. Kan. July 7, 2022) (Lungstrum, J.) (citing cases). Thus, petitioner has not shown that the Court clearly erred in dismissing his petition, and accordingly, the Court denies the motion for reconsideration.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for reconsideration of the Court's dismissal of his petition for habeas relief under 28 U.S.C. § 2241 (Doc. # 6) is hereby **denied**.

IT IS SO ORDERED.

Dated this 30th day of July, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge